### Rufus P. Atkinson and George Taylor v. Henry R. Morse.

*Exceptions not relied on—Burden of proof.*

1. Exceptions appearing in the printed record but found to be stricken out of the bill of exceptions as returned, are presumed not to have been taken, unless it is shown that the return has been tampered with.

2. The burden of proving that a timber scale is correct is on the party who furnishes the scaler, if it appears that the latter was without experience; and this is so even though the contract required the other party to have the scaling done.

Error to Alpena. (Emerick, J.) June 4.—June 10.

ASSUMPSIT. Defendant brings error. Reversed.

*S. L. Carpenter* and *C. E. Williams* for appellant.

*Turnbull, Shields & Dafoe* for appellee.

COOLEY, C. J.  The action in this case is upon a contract whereby the plaintiffs were to get out for the defendant cedar posts, ties and poles, on a specified piece of land, at prices agreed upon.  The contract, as testified to by the plaintiffs, was for telegraph poles, among others, which were to be five and a half inches at the top end.  The defendant was to furnish a scaler, and he did send one on, but for some reason not fully explained, the person sent did not do the scaling, and plaintiffs employed one Tibbatts.  Tibbatts was a witness on the trial, and testified that he received instructions from the plaintiffs, and scaled the posts, ties and poles ; and he states what the instructions were.  As stated by him, they conformed to the contract as sworn to by the plaintiffs, except as to the telegraph poles, which he says he was told were to be five inches at the top end.  As to his fitness for the business, he testified that he had never inspected any cedar before, but had seen enough inspected to know how.

The plaintiffs had judgment in the circuit court, and the defendant brings error, relying upon a number of supposed exceptions.  Several of these, though appearing by the printed record, are struck out of the bill of exceptions on file ; and unless the files have been tampered with, we must suppose they were not taken.  There is one exception, however, as to which there is no dispute, which is well taken, and on which the case must be sent back for a new trial.

In submitting the case to the jury the circuit judge instructed them that, as the defendant failed to furnish a scaler, the scaling by Tibbatts must be taken to be correct, and the burden was upon defendant to show that it was not so.  This was error.  It appeared from his own evidence that in one important particular his instructions were erroneous, and it also appeared that he was without experience.

The scaling of timber is a business in which it may well be supposed experience is of great importance; and no party could be fairly warranted in selecting for the work a man without experience, when another party was expected to be bound by his report. If he saw fit to take an inexperienced person, he should be held to assume the burden of showing that his work was accurate.

A new trial must be ordered.

The other Justices concurred.